## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : CHAPTER 13 |
| | : |
| Sharon I. Levy, | : BANKRUPTCY NO. 07-16256 (ELF) |
| | : |
| Debtor. | : |
| | : |

### MOTION OF OSPREY CAPITAL, LLC FOR RELIEF
### FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(1) AND (2)
### AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(a) OR IN THE
### ALTERNATIVE TO DISMISS DEBTOR'S BANKRUPTCY CASE

TO THE ERIC L. FRANK,
UNITED STATES BANKRUPTCY JUDGE

The motion of OSPREY Portfolio, LLC ("OSPREY"), by and through its undersigned attorneys, for an order pursuant to 11 U.S.C. §§362(d)(1) and (2) and Federal Rule of Bankruptcy Procedure 4001(a) granting relief from the automatic stay arising under 11 U.S.C. §362(a), respectfully represents as follows:

### BACKGROUND

1.     On October 26, 2007 (the "Filing Date"), Sharon I. Levy (the "Debtor") filed a petition (the "Petition") seeking relief under chapter 13, title 11, United States Code (the "Bankruptcy Code").

2.     William C. Miller is the standing Chapter 13 Trustee.

3.     On or about August 13, 2007, the Montgomery County Court of Common Pleas entered a judgment in revival in favor of OSPREY, as successor to First Union National Bank ("FUNB"), and against Debtor in the amount of $4,193,018.11 (the "Judgment").

4.      Following the issuance of the Judgment, OSPREY exercised its rights under state law and caused a Writ of Execution to be issued and indexed against Debtor and that certain real property of Debtor's located at 1142 Green Tree Road, Penn Valley, PA 19072 (the "Property"). Pursuant to the Writ of Execution the Property is to be sold at sheriff's sale scheduled to occur on Wednesday, October 31, 2007.

5.      Less than one week before the scheduled sale of the Property, Debtor filed the Petition with the sole purpose of hindering and delaying OSPREY from exercising its rights following the Judgment.  Debtor further sought to hinder the rights of both Bank of America and Wells Fargo, also secured creditors of Debtor, and who have their own sheriff's sales scheduled.

6.      Although not revealed in the Petition, OSPREY believes that the Debtor is currently incarcerated in a Federal Corrections Institute in Elkton, Ohio and thus has no current income.

7.      Debtor valued the Property at $315,000.00 in his last bankruptcy petition, a chapter 7 case filed on October 6, 2005 in the Bankruptcy Court for the Eastern District of Pennsylvania at number 05-34500-kjc.  Liens currently encumbering the Property aggregate to over ten times that amount, with OSPREY alone holding a lien for over $4,000,000.00. Moreover, Debtor curiously did not list OSPREY or its successor FUNB as creditors in his last filing.

### THE RELIEF REQUESTED AND THE REASONS THEREFOR

8.      Section 362(d) of the Bankruptcy Code provides in relevant part as follows:

> (d) [o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if—

PHIL1 757536-1

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization;

\* \* \*

(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditor that involved either—

\* \* \*

(B) multiple bankruptcy filings affecting such real property.

11 U.S.C. 362(d).

9.   Cause exists for vacating the automatic stay within the meaning of Section 362(d)(4) in that the Debtor has filed his Petition, a repeat filing, for the sole purpose of hindering and delaying OSPREY from pursuing its state court remedies following the entry of the Judgment.

10.   Moreover, relief from the automatic stay is appropriate under Section 362(d)(2) of the Bankruptcy Code here.   In his past filings, Debtor values the Property at $310,000.00. However, OSPREY's claim to the Property alone has an aggregate value of in excess of $4,000,000.00.   Thus, there is no equity available in the Property and the Property is not necessary for an effective reorganization.

11.   In the alternative, OSPREY requests that the Court dismiss Debtor's bankruptcy on the grounds that the Debtor is not eligible for a chapter 13 bankruptcy.   Section 109(e) of the Bankruptcy Code states that:

Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, secured debts

3

of less than $307,675 and noncontingent, liquidated, secured debts
of less than $922,975 . . . may be a debtor under chapter 13 of this
title.

11 U.S.C. § 109(e).

12.     Here, Debtor has no income and owes over $3,500,000.00 in unsecured debt to

OSPREY alone, well over the $307,675 established by the Bankruptcy Code.  Thus, Debtor is

ineligible for a chapter 13 bankruptcy, and his bankruptcy must be dismissed.

### CONCLUSION

13.     For the foregoing reasons, OSPREY is entitled to the entry of an order vacating

the automatic stay to exercise its non-bankruptcy rights and remedies regarding the Property,

including, without limitation, to permit the Sheriff of Montgomery to sell the Property at

sheriff's sale on Wednesday, October 31, 2007.   In the alternative, the Debtor's Bankruptcy case

must be dismissed in its entirety.

WHEREFORE, OSPREY Capital, LLC respectfully requests the entry of an order

pursuant to 11 U.S.C. §362(d) vacating the automatic stay for the purposes described herein,

together with such other and further relief as is just and proper.

Dated: October 30, 2007

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP

By: _____
Anthony P. Tabasso
Matthew P. Rosenberg
260 South Broad Street
Philadelphia, PA  19102
(215) 568-6060

Attorneys for OSPREY Capital, LLC

4

PHIL1 757536-1